**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-11978-elf |
| | : | |
| Jennifer F. Stellato | : | CHAPTER 13 |
| Debtors. | : | |
| | : | |
| Bank of America, N.A. as servicer for Bank of America, N.A. | : | |
| Movant. | : | |
| and | : | |
| Jennifer F. Stellato and William C. Miller, Chapter 13 Trustee, | : | |
| Respondents | : | |

**OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

AND NOW, comes Bank of America, N.A. as servicer for Bank of America, N.A. ("Movant"), by and through its attorneys, Zucker, Goldberg & Ackerman, LLC, and files this Objection to Debtor's Chapter 13 Plan and avers as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Bank of America, N.A. is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania.

3. Bank of America, N.A. is a party-in-interest under the provisions of the Bankruptcy Code, as it is a secured creditor of the Debtor.

4. The Debtor filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on March 24, 2015 ("Petition") and on April 13, 2015 filed a Chapter 13 Plan ("Plan").

5. The Debtor is currently obligated to Bank of America, N.A., under the terms of a certain Note, dated May 29, 2007, in the original principal amount of $194,000.00 ("Note"), in favor of Countrywide Home Loans, Inc. ("Obligee").

6. As security for repayment of the Note, Debtor executed a certain Mortgage, dated of even date, in favor of Countrywide Home Loans, Inc., with respect to certain real property owned by the Debtor located at 105 Falling Leaf Way, Lansdale, PA 19446 ("Real Property"), with said Mortgage being recorded in the Office of Recorder of Deeds in and for Montgomery County, Pennsylvania, on June 28, 2007, at Mortgage Book Volume 12148, Page 01610 ("Mortgage ").

7. At the time of recording, the Mortgage became a first priority mortgage lien upon the Real Property.

8. The bar date for filing proofs of claim is August 11, 2015. The Movant has not yet filed its Proof of Claim ("Claim ") but intends to do so evidencing a prepetition arrearage of approximately or in excess of $25,012.84 as of the date of filing, March 24, 2015.

9. Debtor's Plan proposes to pay Movant's prepetition arrearages inside a sixty (60) month plan.

10. However, the distributions to Movant pursuant to the Plan will amount to only $25,000.00.

11. Debtor's Plan is in violation of §1322(b) (2) and (5) of the Bankruptcy Code, because it fails to provide adequate protection payments to the secured creditor, Bank of America, N.A., over the life of the Plan in the amount of its secured prepetition arrearage claim, and, in effect, impermissibly attempts to modify the terms of Movant's Note which is secured solely by the principal residence of Debtor.

12. In addition, the Debtor has failed to address post-petition payments.

13. Consequently, because the Debtor's Plan fails to meet the requirements of §1322(b)(2) and (5) of the Bankruptcy Code, the Plan cannot be confirmed.

WHEREFORE, Bank of America, N.A. respectfully requests that this Honorable Court sustain its Objection to Debtor's Chapter 13 Plan and deny confirmation of said Plan.

Respectfully submitted:

ZUCKER, GOLDBERG & ACKERMAN, LLC

By:    **/s/ Kimberly A. Bonner**
Kimberly A. Bonner, Esquire PA I.D. #89705;
Attorneys for Movant
200 Sheffield Street, Suite 101
Mountainside, NJ 07092
Direct Dial (908) 588-9942; (908) 379-2265 FAX
Email: kbonner@zuckergoldberg.com

Dated: June 29, 2015